UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GREAT AMERICAN E&S
INSURANCE COMPANY

                  Plaintiff,

      -against-

INDIAN HARBOR
INSURANCE COMPANY,

                  Defendant.
------------------------------------------------------------X

Docket No.

**COMPLAINT FOR
<u>DECLARATORY RELIEF</u>**



CV 10 3830

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ AUG 19 2010 ★
LONG ISLAND OFFICE

WEINSTEIN, J.
REYES, JR, M.

       Plaintiff, Great American E&S Insurance Company ("Great American"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendant, Indian Harbor Insurance Company ("Indian Harbor"), alleges, upon information and belief, as follows:

<u>**PARTIES**</u>

       1.    Plaintiff, Great American, is an insurance company organized and existing under the laws of the State of Delaware, with its principle place of business in Ohio.

       2.    Upon information and belief, defendant Indian Harbor is an insurance company organized and existing under the laws of the State of North Dakota, with its principle place of business in Connecticut.

## JURISDICTION

3.     This action is brought pursuant to 28 U.S.C. §§1332, 2201 and 2202, on common law, and seeks declaratory relief.

## INSURANCE COVERAGE

4.     Great American issued a Commercial General Liability insurance policy to The Wrecking Group ("Wrecking Group"), bearing Policy No. GLO 3108761, for the period January 16, 2007 to January 16, 2008 ("the Great American Policy").

5.     The Great American Policy provides, in pertinent part, as follows:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

   a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

   * * *

   b.   This insurance applies to "bodily injury" and "property damage" only if:

   (1)   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   (2)   The "bodily injury" or "property damage" occurs during the policy period;

   * * *

6.     Upon information and belief, Indian Harbor issued a Commercial General Liability insurance policy to Wrecking Group, bearing Policy No. ESG0025319, for the period January 16, 2008 to January 16, 2009 ("the Indian Harbor Policy").

2

## FACTS

7. This action stems from an underlying lawsuit commenced on or about October 26, 2009, by Cecelia Holzman ("Holzman") against Grand Suites, LLC ("Grand Suites"), M.G.I. Construction, Inc. ("M.G.I."), Y&D G/C, LLC ("Y&D"), Wrecking Group, and Neil Wexler, P.E. ("Neil Wexler"), entitled: *"Cecelia Holzman v. Grand Suites, LLC, et al."* (Index No. 27150/09), which is pending in the Supreme Court of the State of New York, Kings County ("the Underlying Action").

8. Holzman is the owner of a three-story multiple dwelling located at 136 Grand Street, Brooklyn, New York ("the Premises").

9. Grand Suites is the owner of 128/134 Grand Street, Brooklyn, New York ("the 128 Property"), located adjacent to the Premises.

10. By way of the Underlying Action, Holzman seeks recovery for property damage allegedly sustained to the Premises, arising from construction activities on the 128 Property.

11. Prior to that time, Grand Suites allegedly hired M.G.I., Y&D, Wrecking Group, and Neil Wexler to perform work at the 128 Property.

12. By way of the Underlying Action, Holman claims that in or about January 2008, construction activities at the Premises resulted in cracking of the foundation wall and severe flooding at the Premises from water draining from the 128 Property.

13. By way of the Underlying Action, Holzman claims that the cracking of the foundation wall has continued to worsen to date by reason of the construction activities on the 128 Property.

14. By way of the Underlying Action, Holzman claims that the flooding of the Premises has continued unabated since January 2008.

15. Great American is currently defending Wrecking Group in the Underlying Action under the Great American Policy.

16. Indian Harbor was provided with timely notice of the occurrence, claim and/or suit in connection with the Underlying Action.

17. Although Indian Harbor was provided with notice and is obligated to provide a defense and indemnification to Wrecking Group in the Underlying Action, it has refused to do so and has elected to abandon its obligations to Wrecking Group.

### AS AND FOR A FIRST CAUSE OF ACTION

18. Great American repeats, reiterates and realleges each and every allegation set forth in Paragraphs "1" through "17" as though fully set forth at length herein.

19. Pursuant to the terms and provisions of the Indian Harbor Policy, Indian Harbor is under an obligation to provide coverage to Wrecking Group in connection with the Underlying Action.

20. Indian Harbor is obligated to defend and indemnify Wrecking Group with respect to the Underlying Action, but has failed and/or refused to do so.

21. The coverage provided by the Great American Policy is co-primary with any other primary insurance affording coverage to Wrecking Group for the claims at issue in the Underlying Action, including the coverage provided to it under the Indian Harbor Policy.

22. Great American is entitled to judgment in the form of a declaration that Indian Harbor has, and at all relevant times had, an immediate duty to defend and indemnify Wrecking Group under the terms of the Indian Harbor Policy with respect to the claims in the Underlying Action, and that Great American's obligations, if any, under the Great American Policy, with respect to coverage for Wrecking Group in the Underlying Action, are no greater than those of Indian Harbor.

23. Great American has no adequate remedy at law.

WHEREFORE, Great American demands judgment as follows:

(a) That this Court determine and declare that Indian Harbor is obligated to defend and indemnify Wrecking Group with respect to the Underlying Action on a primary basis and, further, that any obligations otherwise owed by Great American with respect thereto are no greater than those of Indian Harbor;

(b) That this Court determine and declare that Great American is entitled to reimbursement from Indian Harbor of one-half the amount Great American has expended in connection with the defense of the Underlying Action;

(c) That Great American be awarded the costs and disbursements of this action; and

(d) That Great American shall have such other, further and different relief as this Court may deem just and proper.

DATED: Garden City, New York
August 19, 2010

_____
RICHARD P. BYRNE (RB 2700)
L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.
Attorneys for Plaintiff
1001 Franklin Avenue
Garden City, NY 11530
Tel: (516) 294-8844
Fax: (516) 294-8202